# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHAOTIC LABZ, INC.**　　　　　　　　　　　　　　　**PLAINTIFF**

v.　　　　　　　　　**No. 4:18-cv-75-DPM**

**SDC NUTRITION, INC.**　　　　　　　　　　　　　　**DEFENDANT**

## ORDER

SDC Nutrition's opposed motion *in limine*, № 53, is partly granted and partly denied as specified.

- **Reaction's Alleged Other Wrongs**

Excluded. Bedoloto's 483s testimony is irrelevant. FED. R. EVID. 401. This case is not about prohormones. Reaction's use of DHEA in this case is undisputed. Testimony from Bedoloto or Wheat about Reaction's use of DHEA for other customers, and alleged patent infringement in unrelated products, risks mini-trials, which would confuse and distract from the disputed issues here. FED. R. EVID. 403.

- **Lay Testimony About Spoliation**

Excluded. FED. R. EVID. 701. Neither Wheat nor Palumbo have been designated as experts. Palumbo does much troubleshooting, including on sealing issues, but he did not work on Chaotic's disputed seals in this case. № 39-3 at 11–12. Wheat likewise has experience with these issues, but not with seals on Chaotic's products. Like SDC, the Court is uncertain about what testimony Chaotic might plan to offer on

regulatory compliance. This is certainly not an area for any lay witness. With input from counsel, the Court will instruct the jury about all the relevant law.

- **Settlement Offers and Agreements and Settled Claims**

Granted as to dismissed claims and any offers during litigation. Denied as to pre-suit discussions in the course of the parties' ongoing dealings. They're admissible on the warranty claims—arguable assurances about making things right. If there was some hard pre-suit settlement offer, after the parties had ended their relationship, the Court would reconsider on that narrow matter. It's up to SDC to re-ventilate that possibility with particulars outside the jury's presence.

- **Criminal History**

Granted as to Marszalek's 2002 conviction in case No. 2:02-cr-249-WLS (W.D. Pa. 2002). The unfair prejudice of being part of a conspiracy to distribute ecstasy, and launder drug money, clearly outweighs the probative value of the conviction on the issues in this case. FED. R. EVID. 403. Granted on references to Williams's prohormone-related conviction because he will not testify.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 February 2020

-2-